## WILSEY v. ROONEY, Sheriff.

*(Supreme Court, General Term, Third Department.　November 30, 1891.)*

1. JUDGMENT—MOTION TO SET ASIDE—ERRORS IN VERDICT.

　　Where a motion for a new trial on the minutes of the court is denied, and the party then moves, before another judge, to set aside the judgment for alleged errors in the verdict on which it was entered, and not for irregularities in the verdict, such motion is practically an appeal from the order denying the motion for new trial, and should be denied.

2. TROVER AND CONVERSION—DAMAGES.

　　Where a complaint shows as well a cause of action for the conversion as for the recovery of a chattel, and defendant answers, there may be a recovery of damages, though no proceedings to replevy have been instituted, under Code Civil Proc. § 1207, which provides that, where there is an answer, plaintiff may take any judgment consistent with the case made by him and within the issue.

3. SAME—PROPERTY TAKEN UNDER EXECUTION—DAMAGES.

　　An action for the conversion as well as for the recovery of a chattel taken under execution, wherein plaintiff has not required the sheriff to replevy the property, and wherein no affidavit of the facts required by Code Civil Proc. §§ 1690, 1695, in such case, has been made, cannot be construed an action of replevin, so as to invalidate a judgment rendered for plaintiff for damages, instead of a judgment for the alternative value of the property.

Appeal from Albany county court.　Affirmed.

Action by Alice Wilsey against James Rooney, sheriff of Albany county, for conversion of a chattel taken under execution, and for recovery of possession thereof.　There was a verdict for plaintiff for $175, not the alternative value of the property, but for damages for the conversion.　From an order denying a motion to set aside the judgment, made on affidavits, defendant appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Charles M. Barlow, (Eugene Burlingame, of counsel,)* for appellant.　*Galen R. Hitt,* for respondent.

LEARNED, P. J.　This is an appeal from an order made by the county judge denying a motion made on affidavits to set aside a judgment upon a verdict in an action previously tried before another judge.　The ground of the mo-

tion is not any irregularity, but is alleged error in the verdict. The question whether the verdict is erroneous must depend very largely upon what took place at the trial; upon what was charged by the court; and what was excepted to, or not excepted to, by counsel. None of this is before us. The defendant had, at the close of the trial, made a motion for a new trial on the minutes, which had been denied. To have granted this present motion would have practically been the hearing of an appeal from that denial. The defendant's position is, briefly, that this was an action for a chattel; that in such an action the judgment must be for the value of the chattel, if possession is not delivered. Code, § 1730. The allegations in the complaint show equally a cause of action for conversion and a cause of action to recover a chattel. The judgment demands possession. But, where there is an answer, the plaintiff may take any judgment consistent with the case made by him and within the issue. Code, § 1207. Therefore there were allegations in the complaint on which plaintiff could have recovered damages. This is specially provided in section 1718, which says that the plaintiff may recover the chattel or its value, though he has not required the sheriff to replevy it. The previous section (1717) requires the affidavit, with the accompanying requisition, to be made a part of the judgment roll. It would seem there to be doubtful whether an action could be said to be an action of replevin, where no affidavit and requisition had been issued. In this present case no affidavit and no requisition appear to have been made; and there is no proof of the facts required in sections 1690 and 1695. They are not alleged in the complaint. We do not see, therefore, how the defendant can insist that this is "necessarily an action of replevin,"—a phrase which, according to the compiler of the Code, is incorrect. Code, § 1689, note to the article. And the compiler well says that the terms "replevy" and "replevin" should be confined to the proceedings whereby the officer takes possession of the property. If this is a correct statement, then it would seem that the actual instituting of these proceedings is necessary in order that the provisions in regard to replevin should apply. As the compiler remarks: "It was entirely immaterial to the right of recovery whether any process to replevy the property had or had not been issued." It seems to us, therefore, if replevin proceedings had not been instituted, that there could be no objection to a recovery for the value of the property. At any rate, this order should be affirmed, with $10 costs and printing disbursements. All concur.